UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY ANDERSON, *et al.*, | No. C-12-06386 WHA (DMR) |
| Plaintiffs, | CONSOLIDATED WITH:<br>No. C-12-06415 WHA (DMR) |
| v. | No. C-13-00882 WHA (DMR) |
| NATIONAL FOOTBALL LEAGUE, *et al.*, | **ORDER RE ATTENDANCE AT SETTLEMENT CONFERENCE** |
| Defendants. | |

The court has received the parties' settlement conference submissions. Based upon the submissions, it appears that only attorneys, and not the parties, plan to personally attend the June 21, 2013 settlement conference. Further, it does not appear that all parties will be represented by lead trial counsel at the settlement conference. The undersigned's April 17, 2013 Notice of Settlement Conference and Settlement Conference Order provides that "**Lead trial counsel** shall appear at the settlement conference with the **parties and with the person(s) having full authority** to make the final decision as to whether any settlement offer is made, accepted, or rejected (if full authority does not rest with the party." [*See* Docket No. 53 (Apr. 17, 2013 Order) at (C) (emphasis in original).]

With respect to the attendance of all parties, if the parties wish to seek relief from the court's attendance requirement, they must meet and confer immediately and submit a stipulation with a proposal that is designed to meet the court's concern that persons with full settlement authority be physically present at the settlement conference. For example, if each side wishes to designate a

1 subset of the parties as a representative committee to appear in person with full authority to settle the
2 case on behalf of all parties, the court would give serious consideration to such a proposal. Any
3 such proposal must be submitted by no later than June 13, 2013.

4     With respect to attendance of counsel, it appears that only lead trial counsel for the *Centers*
5 plaintiffs plans to personally attend. James Sims plans to attend on behalf of the *Anderson* and
6 *Schobel* plaintiffs, but it is unclear whether Mr. Sims is lead trial counsel for those plaintiffs as his
7 name does not appear on the docket for any of these cases. It appears that one attorney, Amit
8 Kurlekar, will appear in person on behalf of Defendants, and another attorney, Marla Axelrod, plans
9 to appear by telephone. However, neither attorney is listed on the docket as lead trial counsel.
10 Further, the court has not granted Ms. Axelrod (or anyone else) leave to appear by telephone.
11 Consistent with its order, the court expects lead trial counsel for all parties to be present. Any
12 request for relief must be filed immediately, and must set forth good cause.

14     IT IS SO ORDERED.

16 Dated: June 12, 2013



DONNA M. RYU
United States Magistrate Judge

2