UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY ANDERSON, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>NATIONAL FOOTBALL LEAGUE MANAGEMENT COUNCIL, et al.,<br><br>　　　　Defendants. | Case No. 12-cv-06386-DMR<br><br>**ORDER DENYING WITHOUT PREJUDICE ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 102 |

On June 23, 2022, Defendant National Football League Management Council ("NFL") filed a Motion for Contempt as to Plaintiff Sammy Knight and filed an administrative motion to file the entire motion and the evidence supporting the motion under seal. [Docket No. 102.]

In assessing whether documents may be filed under seal there is "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The Ninth Circuit established standards governing requests to seal in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006). In accordance with the strong public policy favoring access to court records, "[a] party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id*. at 1178. "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (quoting *Kamakana*, 447 F.3d at 1179). If the court finds a compelling reason to seal a record, it must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep" the records secret. *Kamakana*, 447 F.3d at 1179.

Here, Defendant asks the court to seal the entire Motion for Contempt, all supporting

1 evidence, and the proposed order granting the Motion for Contempt in their entirety. The sole
2 basis offered to seal these materials is that the Motion for Contempt "references and cites to
3 previously sealed documents in transcripts" in three locations: page 2:14-25; page 3:11-21; and
4 page 6:4-6. [Docket No. 102-1 (Peterson Decl., June 23, 2022) ¶ 4.] However, the portions of the
5 motion at issue on pages 2 and 6 cite to the court's April 23, 2014 publicly-available Order
6 granting a stipulated motion to confirm an arbitration award. As to the portions on page 3, only
7 lines 18 through 22 refer to material that is non-public. In any event, Defendant does not address
8 the 9th Circuit's standards for sealing any portion of its motion. It also did not comply with the
9 Local Rules regarding sealing, which provide that "[a] party must explore all reasonable
10 alternatives to filing documents under seal, minimize the number of documents filed under seal,
11 and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly
12 sensitive information in a document)." Civ. L.R. 79-5(a). The Local Rules also provide that
13 "[o]nly in rare circumstances should a party seek to file portions of a pleading or brief under seal,"
14 and that "[m]otions to seal entire pleadings or briefs are strongly disfavored and will be granted
15 only in extraordinary circumstances." Civ. L.R. 79-5(e).
16       Accordingly, Defendant's administrative motion to file under seal is denied without
17 prejudice to it re-filing a motion to seal that addresses the governing legal standards and strictly
18 complies with Local Rule 79-5. Any amended motion to seal must be filed by no later than July
19 22, 2022.

21 **IT IS SO ORDERED.**
22 Dated: July 15, 2022



Donna M. Ryu
United States Magistrate Judge

2